## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-0796-F |
| | ) |
| CITY OF NORMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Gary Henderson's Motion to Sever, filed September 7, 2005, is before the court. (Doc. no. 92). Plaintiff Robert Green has responded to the motion, and Mr. Henderson has replied to that response. The City of Norman has advised the court that it does not intend to respond to the motion. Accordingly, the motion to sever is ready for determination.

Whether separate trials should be ordered under Fed. R. Civ. P. 42(b) is a matter left to the court's discretion. <u>Pulsecard, Inc. v. Discovery Card Services, Inc.</u>, 1996 WL 445069 at *1 (D. Kan. 1996). The court has considerable discretion in determining how a trial is to be conducted. *Id*. Considerations of convenience, avoiding prejudice, and judicial economy are factors which should be considered in determining whether to sever. Rule 42(b). Generally, the party seeking bifurcation

has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen delay, expense and inconvenience. <u>Pulsecard</u> at *1.  Separate trials may cause delay and inconvenience to parties and witnesses because many of the witnesses will have to testify in both trials and travel time will be increased for out of town witnesses and parties.  <u>Vincoy v. United States</u>, 1998 WL 1668877 at *3 (D.N.M. 1998).

In this case, where there are race discrimination claims alleged against both Mr. Henderson and against the City of Norman based on disparate treatment and hostile work environment, the court finds that there is sufficient overlap of issues and evidence so as to make one trial preferable in order to avoid the inconvenience to other parties and witnesses, and in order to conserve judicial resources by trying all of plaintiff's claims together instead of in two trials.  Moreover, the claims in this case are relatively straightforward, unlike claims in complex litigation which sometimes require separate trials in order to simplify issues.  <u>Vincoy</u> at *3.

To the extent that Mr. Henderson asserts prejudice as a result of having the claims against him tried alongside claims against the City, he is invited to propose limiting instructions under Fed. R. Evid. 105 to minimize any such prejudice.  The court finds that any prejudice can be mitigated in this way, making it unnecessary to sever this trial based on any potential prejudice to Mr. Henderson.

For these reasons, in the exercise of its sound discretion, the court finds and concludes that Mr. Henderson has not met his burden to show that separate trials will

reduce the risk of unfair prejudice or promote efficiency and economy.  *See*, Vincoy at *3.  Defendant Henderson's Motion to Sever is **DENIED**.

Dated this 16th day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0796p024(pub).wpd